IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC CURRY PLOTT, ) | |
| AIS #211648, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-CV-85-WHA |
| ) | [WO] |
| GUNTAYE CLAY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Cedric Curry Plott, a state inmate currently incarcerated at the Fountain Correctional Facility. In this civil action, Plott challenges the constitutionality of actions taken against him during his confinement at the Elmore Correctional Facility. Doc. 1 & Doc. 1-1 through Doc. 1-9. He seeks declaratory relief and monetary damages from the defendants. Doc. 1-8 & Doc. 1-9.

The defendants filed answers, special reports and supporting evidentiary materials, including a sworn declarations, affidavits, medical records and other documents, in which they address the claims presented by Plott. *See* Doc. 16, Doc.; 18, Doc. 18-1, Doc. 18-2, Doc. 27, Doc. 29-1, Doc. 29-2, Doc. 30-1 through Doc. 30-10, Doc. 31-11 through Doc. Doc. 31-16 & Doc. 32-1 through Doc. 32-3. In these documents, the defendants adamantly deny any violation of Plott's constitutional rights.

Upon review of the defendants' reports and supporting evidentiary materials, the undersigned entered an order directing Plott to file a response to these documents. Doc. 33. This order advised Plott that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 33 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [Plott] that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.**" Doc. 33 at 1 (emphasis in original). The time allotted Plott to file a response in compliance with this order expired on July 30, 2021. Doc. 35. As of the present date Plott has failed to file a response in opposition to the defendants' special reports as ordered by the court. In light of this failure, the undersigned finds the instant case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, it is clear dismissal of this case is the proper course of action. Specifically, Plott is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendants' reports and this court's order suggests a loss of interest in the continued prosecution of this case. Finally, it likewise appears that any additional effort by this court to secure Plott's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently,

the undersigned concludes the abandonment of this case by Plott and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket[,]" and "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **September 7, 2021** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall

"waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 24th day of August 2021.

                                      /s/ Charles S. Coody
                                      UNITED STATES MAGISTRATE JUDGE